IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                             Cr. No. 01-734 JP (ACE)

DENNIS ANDREW MONTOYA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On October 11, 2001, a hearing was conducted on the following motions: Defendant's Motion to Dismiss Counts One and Two of the Superceding Indictment for Prejudicial Pre-Indictment Delay (Doc. No. 31), filed September 16, 2001; Defendant's Motion to Dismiss Superceding Indictment for Selective Prosecution (Doc. No. 35), filed September 17, 2001; Defendant's Motion to Dismiss Superseding Indictment for Vindictive Prosecution (Doc. No. 37), filed September 17, 2001; Government's Notice of Intention to Offer Expert Testimony and Motion *In Limine* for *Daubert* Ruling on its Admissibility (Doc. No. 43), filed September 28, 2001; Government's Motion in Limine No. 1 (Doc. No. 42), filed September 28, 2001; and the Government's Notice of Intention to Offer Evidence Pursuant to Rules 404(b), 608, and 609 and Motion *In Limine* for Preliminary Ruling as to Admissibility (Doc. No. 45), filed September 28, 2001. Present at the hearing was the Defendant and his counsel, William Stripp, as well as Larry Gomez and Sharon Kimball, Assistant United States Attorneys.

A. Defendant's Motion to Dismiss Counts One and Two of the Superceding Indictment for Prejudicial Pre-Indictment Delay (Doc. No. 31), filed September 16, 2001.

"Preindictment delay is not a violation of the Due Process Clause unless the defendant shows both that the delay caused actual prejudice and that the government delayed purposefully in order to gain a tactical advantage" *United States v. Johnson*, 120 F.3d 1107, 1110 (10th Cir. 1997)(cite omitted). The Court finds that the Defendant has neither demonstrated actual prejudice by the preindictment delay in this case nor has he demonstrated purposeful preindictment delay by the Government to gain a tactical advantage. Defendant's Motion to Dismiss Counts One and Two of the Superceding Indictment for Prejudicial Pre-Indictment Delay (Doc. No. 31) will, therefore, be denied.

B. Defendant's Motion to Dismiss Superceding Indictment for Selective Prosecution (Doc. No. 35), filed September 17, 2001.

In the absence of clear evidence to the contrary, it is presumed that a prosecutor has properly decided to prosecute a person. *United States v. Armstrong*, 517 U.S. 456, 464 (1996). To prove a claim of selective prosecution, "a defendant must show that 'he has been singled out for prosecution while others similarly situated generally have not been proceeded against for the type of conduct forming the basis for the charge against him.'" *United States v. Furman*, 31 F.3d 1034, 1037 (10th Cir.), *cert. denied*, 513 U.S. 1050 (1994)(quoting *United States v. Salazar*, 720 F.2d 1482, 1487 (10th Cir. 1983), *cert. denied*, 469 U.S. 1110 (1985)). Additionally, "the defendant must prove that the government's selection of him for prosecution 'was invidious or in bad faith and was based on impermissible considerations such as ... the desire to prevent the exercise of constitutional rights.'" *Id*. The Defendant has not shown by clear evidence that he was singled out for federal prosecution while others similarly situated have not been prosecuted in

federal court. The Defendant also has not shown by clear evidence that the Government's decision to prosecute him was invidious, made in bad faith, or made to prevent the Defendant from exercising his constitutional rights. Accordingly, Defendant's Motion to Dismiss Superceding Indictment for Selective Prosecution (Doc. No. 35) will be denied.

>C. Defendant's Motion to Dismiss Superseding Indictment for Vindictive Prosecution (Doc. No. 37), filed September 17, 2001.

To establish prosecutorial vindictiveness, "'the defendant must prove either (1) actual vindictiveness, or (2) a reasonable likelihood of vindictiveness which then raises a presumption of vindictiveness.'" *United States v. Carter*, 130 F.3d 1432, 1443 (10th Cir. 1997), *cert. denied*, 523 U.S. 1144 (1998). If the defendant meets this burden, "the prosecution must justify its decision with legitimate, articulable, objective reasons." *Id*. The Defendant in this case has not shown actual vindictiveness on the part of the Government in prosecuting him. Moreover, the Tenth Circuit recognizes that the Supreme Court has "generally rejected the presumption of prosecutorial vindictiveness in the pretrial context." *United States v. Lampley*, 127 F.3d 1231, 1245 (10th Cir. 1997), *cert. denied*, 522 U.S. 1137 (1998)(citing *United States v. Goodwin*, 457 U.S. 368, 381-84 (1982)). Defendant's Motion to Dismiss Superseding Indictment for Vindictive Prosecution (Doc. No. 37) will be denied.

>D. Government's Notice of Intention to Offer Expert Testimony and Motion *In Limine* for *Daubert* Ruling on its Admissibility (Doc. No. 43), filed September 28, 2001.

The Court reserves until trial a ruling on whether to allow the Government's proposed expert witnesses to testify. The Government should be prepared to offer their expert witnesses' qualifications at trial and to establish at trial the chain of custody with respect to the cocaine and crack cocaine at issue.

3

E. Government's Motion in Limine No. 1 (Doc. No. 42), filed September 28, 2001.

This motion is granted in that the Defendant, defense counsel, and any defense witness will not mention to the jury during *voir dire* or at trial any of the matters listed in the Government's Motion in Limine No. 1 (Doc. No. 42) without first allowing the Court to rule on whether those matters can be brought before the jury during *voir dire* or at trial.

F. Government's Notice of Intention to Offer Evidence Pursuant to Rules 404(b), 608, and 609 and Motion *In Limine* for Preliminary Ruling as to Admissibility (Doc. No. 45), filed September 28, 2001.

The Court reserves ruling on the Fed. R. Evid. 404(b), 608, and 609 evidentiary issues until trial. The Court notes that it would be more inclined to allow evidence of the Defendant's prior acts as impeachment evidence as opposed to direct evidence of the charged crimes in this case.

IT IS ORDERED that:

1. Defendant's Motion to Dismiss Counts One and Two of the Superceding Indictment for Prejudicial Pre-Indictment Delay (Doc. No. 31); Defendant's Motion to Dismiss Superceding Indictment for Selective Prosecution (Doc. No. 35); and Defendant's Motion to Dismiss Superseding Indictment for Vindictive Prosecution (Doc. No. 37) are denied;

2. the Court reserves ruling on the Government's Notice of Intention to Offer Expert Testimony and Motion *In Limine* for *Daubert* Ruling on its Admissibility (Doc. No. 43) until trial;

3. the Government's Motion in Limine No. 1 (Doc. No. 42) is granted in that the Defendant, defense counsel, and any defense witness will not mention to the jury during *voir dire* or at trial any of the matters listed in the Government's Motion in Limine No. 1 (Doc. No. 42)

without first allowing the Court to rule on whether those matters can be brought before the jury during *voir dire* or at trial; and

4. the Court reserves ruling on the Government's Notice of Intention to Offer Evidence Pursuant to Rules 404(b), 608, and 609 and Motion *In Limine* for Preliminary Ruling as to Admissibility (Doc. No. 45) until trial.

_____
CHIEF UNITED STATES DISTRICT JUDGE